UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DAMON ASH,

            Plaintiff,

-v-

CITY OF NEW YORK, LIEUTENANT
LEAHY, *and* OFFICER McKENZIE,

            Defendants.

No. 16-cv-9548 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Damon Ash, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York and "Lieutenant Leahy" and "Officer McKenzie" of the New York Police Department. Now before the Court is Defendants' motion to dismiss Ash's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the motion is GRANTED in part and DENIED in part.

I. BACKGROUND

A. Facts[1]

    Ash's Second Amended Complaint contains only barebones allegations, many of which are difficult to follow. In sum and substance, however, Ash alleges that between September 2012 and March 2016, police officers of the 7th Precinct violated his rights in various ways. (*See* SAC at 4.) First, Ash alleges that on an unspecified date, while he was sitting in a park, he was approached by

---

[1] The following facts are drawn from the Second Amended Complaint, filed on May 10, 2017 (Doc. No. 29-1 ("SAC" or "Complaint")). In ruling on Defendants' motion, the Court has also considered Defendants' memorandum of law (Doc. No. 45 ("Mem.")), Plaintiff's opposition (Doc. No. 48 ("Opp'n")), and Defendants' reply (Doc. No. 50 ("Reply")). Citations to the Second Amended Complaint refer to page numbers.

Defendant Leahy and another officer, who "fals[e]ly accused [him] of [possessing] an open container," and detained him in jail for 20 days without bringing him before a judge, until the case was dismissed and he was released. (*Id.*) Second, Ash alleges that on April 22, 2015, he was "falsely arrested [b]y Officer McKenzie . . . for assault." (*Id.* at 4–5.) According to Ash, McKenzie called him "the devil and a demon," and then "purposely wrote [his first] name as Demon [instead of Damon] on [his] arrest [documents]," which carried over to court records. (*Id.*) Ash asserts that this "def[a]mation of character caused [him] to suffer mental[l]y and physically." (*Id.*) Finally, Ash alleges that on January 26 or 27 of an unspecified year, "during the N.Y.C. snow storm," he had his "[d]oor [i]llegally kicked in by the 7th precinct, with no [search] warrant or arrest [warrant]," and that he was then "illegally taken to [B]ellevue against [his] will." (*Id.*)

B. Procedural History

On December 9, 2016, Ash filed his initial complaint in this action, naming the City of New York as the sole Defendant. (Doc. No. 2.) Ash also filed a request to proceed without prepayment of fees – that is, *in forma pauperis*. (Doc. No. 1.) On April 4, 2017, pursuant to the statute governing requests to proceed *in forma pauperis*, 28 U.S.C. § 1915, Chief Judge McMahon conducted an initial review of Ash's case and construed the complaint as asserting claims under 42 U.S.C. § 1983 for a search in violation of the Fourth Amendment, multiple incidents of false arrest in violation of the Fourth Amendment, failure to investigate reports of police misconduct in violation of the Due Process Clause, and discrimination in violation of the Equal Protection Clause. (Doc. No. 6 at 3–8.) Chief Judge McMahon granted the request to proceed *in forma pauperis* (Doc. No. 5), but concluded that Ash's complaint failed to show that he was plausibly entitled to relief, as required by Federal Rule of Civil Procedure 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), because "[t]he complaint simply makes general allegations about threats and harassment by the police, without specific facts

showing that whatever he experienced constituted a violation of his constitutional rights." (Doc. No. 6 at 3.) Chief Judge McMahon therefore dismissed the complaint but granted Ash leave to amend with the admonition that any amended pleading must "detail his Fourth Amendment claims" and name as defendants the individuals allegedly involved in the deprivation of his federal rights. (*Id.* at 9.)

On May 16, 2017, Ash filed an amended complaint identifying as defendants "Lieutenant Leary," "Officer McKenzie" with shield number 942888, and two John Doe detectives. (Doc. No. 8.) Shortly thereafter, the case was reassigned to my docket. On September 11, 2017, Ash filed his Second Amended Complaint, naming as defendants "Lieutenant Leahy" (whom he had previously misidentified as "Lieutenant Leary"), Officer McKenzie, and the City of New York. (Doc. No. 29-1.) Construed liberally, the Complaint appears to raise two false arrest claims under 42 U.S.C. § 1983, a claim for unlawful entry under Section 1983, and a state-law claim for defamation. (*See id.* at 4–5.) On February 12, 2018, Defendants filed a motion to dismiss the Complaint for failure to state a claim, arguing that Ash's false arrest and municipal liability claims are time-barred or otherwise fail on the merits.[2] (Doc. No. 45.) The motion was fully briefed on April 2, 2018. (Doc. No. 50.)

## II. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet

---

[2] Defendants did not construe the Second Amended Complaint as raising claims for unlawful entry and defamation, and therefore did not address those potential claims. However, "where a plaintiff fails to state a claim upon which relief may be granted . . . the Court may dismiss [the claim] *sua sponte*." *Osipova v. J&J Holding Co.*, No. 06-cv-3486 (KMW) (DF), 2007 WL 430423, at *3 (S.D.N.Y. Feb. 8, 2007). Accordingly, the Court will also evaluate whether Ash states a claim for those causes of action.

3

this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.

Where a plaintiff proceeds *pro se*, a court must liberally construe the complaint and interpret it to raise the strongest arguments that it suggests. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "The policy of liberally construing *pro se* submissions" arises out of the understanding that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* "[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

### III. DISCUSSION

As noted above, the Complaint raises two claims for false arrest, a claim for unlawful entry, and a defamation claim. The Court will consider each of these claims in turn and then address the issue of municipal liability.

A. False Arrest

Ash asserts two claims for false arrest under Section 1983. First, he asserts a Section 1983 claim against Defendant Leahy in connection with an arrest for an open container on an unspecified date between September 2012 and March 2016. (Doc. No. 29-1 at 4.) Defendants argue that this claim is time-barred, and should therefore be dismissed with prejudice, because the City's arrest records show that Ash was arrested for an open-container violation on May 16, 2013, and Ash did not file his original complaint in this action until December 2016, after the three-year statute of limitations had expired. (Mem. at 12.); *see Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (recognizing three-year statute of limitations for Section 1983 claims). If accurate, this chronology would surely justify dismissal of this false arrest claim with prejudice. *See Case v. Clivilles*, No. 12-cv-8122 (GBD) (MHD), 2013 WL 12325133, at *4 (S.D.N.Y. Aug. 7, 2013); *Raul v. Am. Stock Exch.*, No. 95-cv-3154 (SAS), 1996 WL 627574, *2 (S.D.N.Y. Oct. 29, 1996) (dismissing *pro se* action with prejudice where statute of limitations barred claims). As a general matter, however, a court may grant a motion to dismiss on statute-of-limitations grounds only if the defense "appears on the face of the complaint." *Wechsler v. HSBC Bank USA, N.A*, No. 15-cv-5907 (JMF), 2016 WL 1688012, at *2 (S.D.N.Y. Apr. 26, 2016), *aff'd sub nom. Wechsler v. HSBC Bank USA, N.A.*, 674 F. App'x 73 (2d Cir. 2017). Moreover, at this stage of the litigation, the Court is not convinced that the City's extrinsic evidence can be used to establish the date of the arrest described in the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (limiting consideration of extrinsic materials at pleading stage to those attached to the complaint, incorporated therein by reference, integral to the drafting of the complaint, or appropriate for judicial notice); *Liang v. City of New York*, No. 10-cv-3089 (ENV) (VVP), 2013 WL 5366394, at *5 (E.D.N.Y. Sept. 24, 2013) (noting that courts may take judicial notice of public records "only to establish their existence

and legal effect or to determine what statements [they] contained . . . not for the truth of the matters asserted.") Because it is not clear from the face of the Complaint that the alleged open-container arrest falls outside of the applicable limitations period, the Court declines to dismiss the false arrest claim against Defendant Leahy at this stage of the proceedings.[3]

Second, Ash alleges that Defendant McKenzie "falsely arrested" him "for assault" on April 22, 2015. (SAC at 4–5.) Although this claim is, on its face, timely made, Defendants nevertheless assert that the allegations in the Complaint are wholly conclusory and therefore cannot support a false arrest claim. The Court agrees.

The elements of false arrest under Section 1983 are substantially the same as the elements of a false arrest claim under state law. *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish such a claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Furthermore, even when a Section 1983 plaintiff proceeds *pro se*, the complaint must set forth "facts supporting an allegation that the arresting officers did not have probable cause to arrest the plaintiff." *Soto v. City of New York*, No. 04-cv-4559 (DC), 2005 WL 66893, at *3 (S.D.N.Y. Jan. 11, 2005); *see also Corsini v. Brodsky*, No. 17-1461-CV, 2018 WL 1773501, at *1 (2d Cir. Apr. 13, 2018) ("Like the district court, we conclude that [Plaintiff] fails

---

[3] Although it might be argued that the absence of a specific date leaves Defendants without sufficient notice of the conduct with which they are charged, *see* Fed. R. Civ. P. 8, Defendants do not make that argument in their motion. *See Iwachiw v. Gen. Elec. Corp.*, 2000 WL 381977, at *3 (E.D.N.Y. Feb. 22, 2000), *aff'd*, 10 F. App'x 37 (2d Cir. 2001) (noting that "even a *pro se* complaint may be dismissed under Rule 8 if it is so ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised") (citation and internal quotation marks omitted). In any event, Defendants will have the opportunity to assert their statute-of-limitations defense as part of a motion for summary judgment, at which time the Court will be free to consider the arrest records and extrinsic materials referenced in Defendants' papers. *See Barkley v. Olympia Mortg. Co.*, No. 04-cv-875 (RJD) (KAM), 2007 WL 2437810, at *23 (E.D.N.Y. Aug. 22, 2007).

plausibly to allege the lack of probable cause necessary to maintain such claims.") Here, although Chief Judge McMahon granted Ash leave to amend his complaint to provide more information about the circumstances surrounding this alleged incident (*see* Doc. No. 6), Ash continues to "make[] allegations that are entirely conclusory" without setting forth any facts indicating that the arresting officers lacked probable cause. *Soto*, 2005 WL 66893, at *3. Accordingly, the false arrest claim against Defendant McKenzie must be dismissed.

### B. Unlawful Entry

Ash next alleges that on January 26th or 27th of an unspecified year, "during the N.Y.C. snow storm," he had his door "illegally kicked in by the 7th precinct with no warrant" (Doc. No. 18-1.) To be sure, a claim for unlawful entry in violation of the Fourth Amendment is cognizable under Section 1983. *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 381 (S.D.N.Y. 2013); *see Figueroa v. Mazza*, 825 F.3d 89, 108 (2d Cir. 2016). But "a prerequisite for liability under a [Section] 1983 claim is personal involvement by the defendants in the alleged constitutional deprivation." *Hutchinson v. West*, No. 04-cv-0135F, 2004 WL 1083194, at *2 (W.D.N.Y. Apr. 2, 2004) (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)). Here, despite having had an opportunity to amend his complaint (*see* Doc. No. 6), Ash fails to identify which Defendants, if any, participated in the alleged unlawful entry. Instead, he merely alleges that such conduct was carried out by "the 7th Precinct" (SAC at 4), which is clearly insufficient to implicate the individual Defendants in this action. Accordingly, this claim must likewise be dismissed.

### C. Defamation

Ash also alleges that Defendant McKenzie defamed him by recording his first name as "Demon" (instead of "Damon") on an arrest record, which carried over to court documents. "Whether particular words are defamatory presents a legal question to be resolved by the courts in the first

instance." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (citing *Aronson v. Wiersma,* 483 N.E.2d 1138, 1139 (N.Y. 1985)). Notably, under New York law, "only a provable statement of fact is actionable as defamation." *Brahms v. Carver*, 33 F. Supp. 3d 192, 198 (E.D.N.Y. 2014) (collecting cases). "[L]oose, figurative or hyperbolic statements, even if deprecating the plaintiff" are generally not actionable. *Id.* (citation and internal quotation marks omitted). The "dispositive inquiry is whether a reasonable reader could have concluded that the statements were conveying facts about the plaintiff." *Id.* (citation omitted). Here, the misspelling of Ash's first name as "Demon," though arguably derogatory, is at most a form of non-actionable name-calling or "vigorous epithet." *Gross v. New York Times Co.*, 623 N.E.2d 1163, 1169 (N.Y. 1993). Because no reasonable reader could have interpreted the misnomer as a statement of "objective fact," *id.*, it is not actionable as defamation. Accordingly, the defamation claim must also be dismissed.

### D. Municipal Liability

Finally, because the Complaint names the City of New York as a defendant (SAC at 1), the Court must address the issue of municipal liability. In order to hold a municipality liable as a "person" within the meaning of Section 1983, a plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 818, 828 (1985). To state a claim for municipal liability, a plaintiff must plausibly allege, among other things, that "an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d. Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91)). Even assuming *arguendo* that Ash suffered a deprivation of constitutional right, he has not alleged the required causal connection between his alleged injuries and any official policy of the City of New York. *See Harper v. City of New York*, 424 Fed. App'x. 36, 38 (2d Cir. 2011) (citing *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). Accordingly, Ash's claim against the City must be dismissed.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED in part and DENIED in part. Specifically, all of Ash's claims are dismissed except for his first false arrest claim against Defendant Leahy.

IT IS FURTHER ORDERED THAT, by July 31, 2018, the parties shall submit a joint proposed case management plan that reflects the discovery needed in this action. A template for the order is available at: http://www.nysd.uscourts.gov/judge/Sullivan. The parties shall file the proposed case management plan on the Electronic Court Filing system (ECF) and shall email a courtesy copy to chambers at: sullivanNYSDchambers@nysd.uscourts.gov.

IT IS FURTHER ORDERED THAT the parties shall appear for an initial conference on August 9, 2018 at 11:30 a.m. The Court will make the necessary arrangements with the Great Meadow Correctional Facility, where Defendant currently appears to be incarcerated (*see* Doc. No. 51-1 at 5), to enable him to participate by telephone.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 45 and to mail a copy of this order to Ash both at the address listed on the docket and at the following

address:  Damon Ash, DIN #17A3183
Great Meadow Correctional Facility,
P.O. Box 51, Comstock, NY 12821-0051

However, because that is not the address reflected on the docket, Ash is reminded that it is his obligation to update his address with the Clerk's Office whenever his address changes.

SO ORDERED.

Dated:   July 18, 2018
New York, New York

RICHARD J. SULLIVAN
United States District Judge