USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
DAMON ASH, :
:
:
Plaintiff, :
:
-against- : 1:16-cv-9548-GHW
:
CITY OF NEW YORK, LIEUTENANT : ORDER
LEAHY, OFFICER McKENZIE, BETTY :
JACOBSON, SERGEANT LEE, LAURA :
PORSCHAR, and NORMA KLEIN :
:
Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

In its January 6, 2020 Memorandum Opinion and Order (the "Prior Opinion"), the Court granted Mr. Ash leave to provide an affidavit providing factual support for an argument that the statute of limitations should be equitably tolled with respect to incidents that Mr. Ash alleges occurred on May 16, 2013 and January 26, 2015. Dkt No. 136 at 20. On January 30, 2020, Mr. Ash has submitted letters that are styled as a motion for equitable tolling, Dkt No. 140, and an amended complaint ("AC"), Dkt No. 141.

As discussed in the Prior Opinion, "[e]quitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted). The Second Circuit "has applied the doctrine as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum." *Id.* (quotation omitted). "[E]quitable tolling is only appropriate in rare and exceptional circumstances." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (brackets and quotation omitted). "When determining whether equitable tolling is applicable, a district court must consider whether the person

seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81.

"Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period; where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Id.* at 80 (quotation and citations omitted). "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted).

The information in Mr. Ash's submissions does not support the application of equitable tolling in this case. Although Mr. Ash's documents describe his diagnosis for manic depression, AC at 8, the facts alleged in Mr. Ash's submissions do not suggest that his circumstances were so extraordinary that equitable tolling should apply. Mr. Ash's submissions do not demonstrate that he was incapacitated as a result of his manic-depressive condition such that he was prevented from proceeding in a timely fashion. Rather, Mr. Ash's submissions suggest that he acted to protect his legal rights notwithstanding those conditions. For example, Mr. Ash alleges that he repeatedly lodged complaints with internal affairs and the FBI. *See, e.g.*, *id.* This allegation suggests that Mr. Ash understood his rights and was capable of acting to protect them during the period he now claims he was incapacitated by his mental condition. Moreover, Mr. Ash details how he attempted to locate counsel in 2015, *see id.* at 11-12, further demonstrating that Mr. Ash was not incapacitated by his mental condition during this period.

In sum, the allegations in Mr. Ash's submissions are insufficient to meet his burden to show that his manic-depressive diagnosis was an extraordinary circumstance justifying the application of

equitable tolling in this case. Accordingly, the Court concludes that equitable tolling does not apply to Mr. Ash's claims arising out of the May 16, 2013 and January 26, 2015 incidents. Thus, Mr. Ash's claims based on those incidents are untimely for the reasons stated in the Prior Opinion and those claims are dismissed with prejudice. The Court construed Mr. Ash's complaints as asserting claims against Officer McKenzie, Lieutenant Leahy, Sergeant Lee and the City of New York solely in connection with these incidents. Because the claims against those defendants have been dismissed with prejudice, they are no longer defendants in this case.

In the Prior Opinion, the Court also granted Mr. Ash leave to replead his religious discrimination and defamation claims. Dkt No. 136 at 20. The Court has construed these claims as being raised against the remaining defendants. The Court understands Mr. Ash to have repleaded his complaint by filing the amended complaint at Dkt No. 141. The remaining defendants are directed to answer or otherwise respond to the amended complaint no later than March 5, 2020.

The Clerk of Court is directed to remove Officer McKenzie, Lieutenant Leahy, Sergeant Lee and the City of New York from the caption of this case, to terminate the motion pending at Dkt No. 140, and to mail a copy of this order to Mr. Ash by first-class and certified mail.

SO ORDERED.

Dated: February 12, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge