USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
:
DAMON ASH, :
:
                 Plaintiff, :
:
       -against- :   1:16-cv-9548-GHW
:
BETTY JACOBSON, LAURA :   ORDER
PORSCHAR, and NORMA KLEIN :
:
                 Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    On February 26, 2020, Dkt No. 145, Mr. Ash submitted a letter requesting that the Court reconsider its prior order denying his motion for equitable tolling. Dkt No. 143. Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (quotation marks omitted).

    Mr. Ash has not carried his burden for the Court to reconsider its prior decision. Mr. Ash

has not pointed to an intervening change of controlling law and does not identify any new evidence that was not available to the Court when it issued its prior decision. All of the evidence identified in his most recent letter was, by his own admission, before the Court when it decided the prior motion. Nor does Mr. Ash identify error—let alone clear error—in the Court's prior decision. As noted in that decision, Mr. Ash alleges that he repeatedly lodged complaints with internal affairs and the FBI during the period that he was allegedly prevented by an extraordinary circumstance from pursuing his claims in federal court. Those allegations demonstrate that Mr. Ash was not incapacitated during this period. For the same reason, Mr. Ash has not shown that it would be manifestly unjust for the Court to apply the statute of limitations to bar his claims based on the May 16, 2013 and January 26, 2015 incidents. Accordingly, Mr. Ash's motion for reconsideration is denied.

The Clerk of Court is directed to mail a copy of this order to Mr. Ash by first-class and certified mail.

SO ORDERED.

Dated: March 2, 2020
New York, New York

GREGORY H. WOODS
United States District Judge