```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                                   :

DAMON ASH,                                :
                                                   :
                          Plaintiff,      :
                                                     :
              -against-                  :                     1:16-cv-9548-GHW
                                                     :

BETTY JACOBSON and LAURA         :       MEMORANDUM OPINION AND
PORSCHAR,                             :                    ORDER
                                                    :
                          Defendants.   :
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Damon Shalel Ash is Jewish. In his submissions to the Court, Mr. Ash has made clear that this identity is very important to him. Because Mr. Ash is African-American, he alleges that many people—including Defendants Betty Jacobson and Laura Porschar (the "remaining Defendants")—have questioned the authenticity of his ethnic and religious identity. For that reason, the Court wants to be clear that it respects Mr. Ash's claim of Jewish ancestry. Mr. Ash says he is Jewish, and the Court has no reason to believe that is untrue.

      But this case is not about whether Mr. Ash is Jewish. It is about whether Mr. Ash has stated a plausible claim for relief against the defendants he chose to name in this lawsuit. In a prior opinion, the Court dismissed Mr. Ash's claims but granted Mr. Ash leave to replead claims for religious discrimination and defamation against the remaining Defendants. He did so—and now the remaining Defendants again move to dismiss his claims. The remaining Defendants are not state actors and Mr. Ash's Fair Housing Act claim is barred by the statute of limitations, so the remaining Defendants motion for judgment on the pleadings is GRANTED.

## I. BACKGROUND[1]

The Court described the background and procedural history of this lawsuit in its prior opinion. *See Ash v. City of New York* (*Ash II*), No. 1:16-cv-9548-GHW, 2020 WL 58240, at *1-3 (S.D.N.Y. Jan. 6, 2020).[2]  In *Ash II*, the Court dismissed as untimely Mr. Ash's claims against former Defendants Lieutenant Leahy, Officer McKenzie, and Sergeant Lee.  *Id.* at *5-6.[3]  Mr. Ash did not argue that he was entitled to equitable tolling of the statute of limitations.  But the Court granted leave to Mr. Ash to submit an affidavit to provide factual support for an argument that he was entitled to equitable tolling anyway.  *Id.* at *7.  That was because Mr. Ash's submissions suggested that he might have suffered from a "medical condition or mental impairment" that was an "extraordinary circumstance that prevented him from timely filing a complaint in this case."  *Id.*  The Court likewise granted Mr. Ash leave to leave to replead his religious discrimination and defamation claims against the remaining Defendants.  *Id.* at *10.

Mr. Ash submitted two letters in response to the Court's order.  Mr. Ash styled the first as a motion for equitable tolling.  Dkt No. 140.  Mr. Ash styled the second as an amended complaint.  Dkt Nos. 140-41.  This was Mr. Ash's fifth amended complaint.  The Court rejected Mr. Ash's request for equitable tolling because Mr. Ash's submissions were "insufficient to meet his burden to show" that his diagnosis as a manic-depressive "was an extraordinary circumstance justifying the application of equitable tolling in this case."  *Ash v. City of New York* (*Ash III*), No. 1:16-CV-9548-

---

[1] The facts in this section are drawn from Mr. Ash's fifth amended complaint ("FAC"), Dkt No. 141, and his opposition ("Opp") to the remaining Defendants' motion for judgment on the pleadings, Dkt No. 156.  For this motion, the Court must accept as true the facts alleged in the fifth amended complaint.  *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  Because Mr. Ash is *pro se*, the Court also considers the allegations in his opposition.  *See, e.g., Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010).  But "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] As described in *Ash II*, this "case was reassigned to this Court's docket because Judge Sullivan was elevated to the Second Circuit."  2020 WL 58240, at *2.  Judge Sullivan issued an opinion on a prior motion to dismiss that provides more background.  *See Ash v. City of New York* (*Ash I*), 16-cv-9548 (RJS), 2018 WL 3462514 (S.D.N.Y. July 18, 2018).

[3] The Court also dismissed Mr. Ash's claims against the City of New York because Mr. Ash inadequately pleaded that he was deprived of his rights because of a municipal "policy or custom."  *Id.* at *9; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

GHW, 2020 WL 703952, at *2 (S.D.N.Y. Feb. 12, 2020).  The Court thus dismissed Mr. Ash's

claims against Officer McKenize, Lieutenant Leahy, Sergeant Lee, and the City of New York with

prejudice.  *Id.*

The Court construes the fifth amended complaint as Mr. Ash's attempt to replead his

defamation and religious discrimination claims against the remaining Defendants.  The fifth

amended complaint contains a lively, though difficult to follow, narrative including several Biblical

quotations and cameos from Queen Elizabeth, Cesare Borgia (spelled as "Ceasar Borje" by Mr.

Ash), and Leonardo Da Vinci, among others.  *See, e.g.*, FAC at 3, 6.  It is unfortunately difficult to tell

what Mr. Ash's historical narrative has to do with his claims against the remaining Defendants.

In the portions of his fifth amended complaint that contain allegations relevant here, Mr.

Ash alleges that he rented an apartment from an organization called the United Jewish Council

("UJC").  *See* FAC at 2.  The UJC allegedly employed the remaining Defendants.  *Id.* at 2-6.  Mr. Ash

alleges that the remaining Defendants and another UJC employee named Craig Pride mistreated him

from 2011 through 2016.  *Id.*  Mr. Ash alleges that UJC employees, including the remaining

Defendants, directed racial epithets at him.  *Id.* at 8-10.  Mr. Ash also attached twenty-five exhibits,

captioned "A" through "Y" to his amended complaint.  The Court construes Mr. Ash's fifth

amended complaint as raising claims for religious discrimination and defamation under 42 U.S.C.

§ 1983 and a claim for housing discrimination under the Fair Housing Act ("FHA").

The remaining Defendants moved for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c).  Dkt Nos. 157-59.  Mr. Ash opposed that motion, Dkt No. 156, and the remaining

Defendants replied to Mr. Ash's opposition.  Dkt No. 160.  In his opposition, Mr. Ash alleges

additional facts to support his religious discrimination and defamation claims.  Mr. Ash alleges that

Porschar "would cons[is]tently go into [his] place and desecrate [his] relig[i]ous items[.]"  Opp. at 2.

He also alleges that the remaining defendants "called [him] racial names and refer[red] to [him] as a

devil." *Id.* at 3.  Mr. Ash alleges that the remaining Defendants' unkind words about him "sp[read]

through[]out the lower east side and my building like a virus." *Id.*  In substance, Mr. Ash alleges in

his fifth amended complaint and his opposition that the remaining Defendants derided—and

sometimes, actively interfered with—his religious practices and said nasty things about him.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for

judgment on the pleadings." Fed. R. Civ. P. 12(c).  The legal standard for a Rule 12(c) motion is the

same as for a motion under Rule 12(b)(6).  *See City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384,

392 (2d Cir. 2008) (noting that the "legal standards of review for motions to dismiss and motions for

judgment on the pleadings are indistinguishable" (quotation omitted)).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If a complaint fails to meet this pleading standard, a

defendant may move to dismiss it for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550

U.S. at 556).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim

rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at

544).

Determining whether a complaint states a plausible claim is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S.

at 679 (citation omitted).  A court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  But a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

Because Mr. Ash is proceeding *pro se*, the Court must liberally construe his allegations and "interpret[] [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (quotation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (quotation omitted)).  Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss.  *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  Even so, "dismissal of a *pro se* complaint is . . . appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

On a motion to dismiss or a motion for judgment on the pleadings, a court may ordinarily "consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013).  But "allegations made in a *pro se* plaintiff's memorandum of law, where they are consistent with those in the complaint, may also be considered on a motion to dismiss." *Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010); *see also Rosado v. Herard*, No. 12 Civ. 8943 (PGG)(FM), 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013) (citation omitted).  The Court has thus considered the allegations in Mr. Ash's opposition to this motion for judgment on the pleadings.  Yet "[w]here a

plaintiff's motion papers assert entirely new claims that do not arise out of the facts alleged in the complaint, the court need not consider them." *Vlad-Berindan v. MTA N.Y.C. Transit*, 14-CV-675 (RJS), 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (Sullivan, J.) (citing *Bernstein v. City of New York*, No. 06 Civ. 895 (RMB), 2007 WL 1573910, at *10 (S.D.N.Y. May 24, 2007)).

## III. DISCUSSION

### A. Section 1983 Claims

The Court grants the remaining Defendants' motion for judgment on the pleadings as to Mr. Ash's claims under 42 U.S.C. § 1983 because Mr. Ash has failed to plausibly allege that the remaining Defendants acted under color of state law. "Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Ash II*, 2020 WL 58240, at *5 (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (quotation marks omitted); *see also United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

Mr. Ash has not adequately alleged that the remaining Defendants were state actors. There is no allegation in Mr. Ash's fifth amended complaint or in his opposition that would permit the Court to draw a plausible inference that the remaining Defendants acted under color of state law. Mr. Ash alleges only that the remaining Defendants were employed by the United Jewish Council and does not allege that this organization is affiliated with the City or the State of New York.

Nor has Mr. Ash plausibly pleaded a conspiracy between the remaining defendants and any

state actors.  "The pleading of a conspiracy will enable a plaintiff to bring [a section 1983] suit

against purely private individuals[.]"  *Porat v. Lincoln Towers Comty. Ass'n*, No. 04 Civ. 3199 (LAP),

2005 WL 646093, at *7 (S.D.N.Y. Mar. 21, 2005) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

150 (1970)).  "To state a § 1983 conspiracy claim, a plaintiff must allege: '(1) an agreement between

two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict

an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'"

*DeMartino v. N.Y. State Dep't of Labor*, 167 F. Supp. 3d 342, 373 (E.D.N.Y. 2016) (quoting *Pangburn v.

Culbertso*n, 200 F.3d 65, 72 (2d Cir. 1999)).  Mr. Ash's allegations do not permit a plausible inference

that the remaining Defendants consummated an agreement, even implicitly, with any state actors, so

he cannot circumvent the state action requirement through a section 1983 conspiracy.  The

remaining Defendants are entitled to judgment on the pleadings on Mr. Ash's section 1983 claims.

### B. FHA Claim

Mr. Ash's Fair Housing Act claim is time barred.  Because Mr. Ash alleges pervasive

discrimination by his landlords, the Court has construed his fifth amended complaint as raising a

claim for housing discrimination under the FHA.  "The FHA, enacted as Title VIII of the Civil

Rights Act of 1968, imposes liability on private actors who discriminate against protected class

members in the real estate market."  *Stone v. 23rd Chelsea Assocs.*, No. 18-CV-3869 (VSB), 2020 WL

1503671, at *5 (S.D.N.Y. Mar. 30, 2020) (quotation omitted).  "Under section 3604(b) of the FHA,

it is unlawful to 'discriminate against any person in the terms, conditions, or privileges of sale or

rental of a dwelling, or in the provision of services or facilities in connection therewith, because of

race, color, religion, sex, familial status, or national origin.'"  *Id.* (quoting 42 U.S.C. § 3604(b)).  "The

Second Circuit has held that Section 3604(b) prohibits not just discrimination in connection with the

initial rental or sale of a dwelling, but also conduct that 'would constitute discrimination in the

enjoyment of residence in a dwelling or in the provision of services associated with that dwelling

after acquisition.'" *Id.* (quoting *Francis v. Kings Park Manor, Inc.*, 944 F.3d 370, 377 (2d Cir. 2019)). Mr. Ash's fifth amended complaint could be read to raise a claim that he was discriminated against in the enjoyment of his residence in violation of the FHA.

But Mr. Ash's FHA claim is not timely. "A claim under the Fair Housing Act must be brought within two years 'after the occurrence or the termination of an alleged discriminatory housing practice.'" *Id.* at *6 (quoting 42 U.S.C. § 3613(a)(1)(a)). "Under federal law, a cause of action generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 101 (2d Cir. 2015)). "In analyzing the timing of when a claim accrues in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.'" *Id.* (quoting *Bd. of Educ. v. C.M. on behalf of P.G.*, 744 F. App'x 7, 9 (2d Cir. 2018)); *see also Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992). "The time to file suit may also be tolled by the continuing violation doctrine, which applies when a plaintiff challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period." *Stone*, 2020 WL 1503671, at *6 (quotation omitted). When it applies, this "doctrine delays the commencement of the statute of limitations period until the last discriminatory act in furtherance of the alleged discriminatory policy." *Id.* (quotation and ellipsis omitted); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). But tolling "is disfavored in this Circuit, and will be applied only upon a showing of compelling circumstances." *Stone*, 2020 WL 1503671, at *6 (quotation omitted). "Although the statute of limitations is an affirmative defense, it 'may be raised by a . . . motion to dismiss under Rule 12(b)(6) [or Rule 12(c)], without resort to summary judgment procedure, if the defense appears on the face of the complaint.'" *Ash II*, 2020 WL 58240, at *5 (quotation omitted); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

8

Mr. Ash's complaint and opposition allege that the remaining Defendants discriminated against him until July 2016.  *See, e.g.*, Opp. at 2 ("Norma Klein[4] was very blunt as to me not practicing in here building [sic] through the years of 2012 to July of 2016 . . . .  Ms. Jacobson also let me know that on more than several occasions throug[h]out the years of 2012 to [J]uly of 2016, that she didn[']t like me practicing or worshiping in the building[.]").  The statute of limitations defense to the FHA claim the Court has construed the fifth amended complaint to raise is apparent on the face of the complaint.  Even under the continuing violation doctrine, the latest that the statute of limitations on Mr. Ash's FHA claim began to run was July 31, 2016.  "Mr. Ash did not name Defendants Porschar, Jacobson, and Klein . . . until he filed [his third amended complaint] on December 21, 2018," at least four months after the statute of limitations expired.  *Ash II*, 2020 WL 58240, at *6.

Mr. Ash is not entitled to the benefit of the relation back doctrine.  An otherwise untimely claim should not be dismissed if "it 'relates back' to one of the pleadings filed before the statute of limitations expired."  *Neal v. Wilson*, 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017) (citing Fed. R. Civ. P. 15(c)).  Mr. Ash first filed this action on December 9, 2016.  Dkt No. 1.  But he did not name the remaining Defendants until December 21, 2018.  "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."  *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *see also Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (observing that the "linchpin" of the relation back doctrine "is notice" to the putative defendants "and notice within the limitations period"); *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known . . . not what the plaintiff knew or should

---

[4] Mr. Ash alleged that Norma Klein was employed by the UJC and named her as a defendant, but Ms. Klein died.  *See* Dkt No. 106 (statement noting death of Norma Klein under Federal Rule of Civil Procedure 25(a)).

have known at the time of filing her original complaint.").

Contrary to Mr. Ash's arguments, the fact that he filed an action in state court against these or similar defendants does not entitle him to the benefit of the relation back doctrine. That the defendants may have had notice of some other action does not mean that they had notice of this action. And that is what matters for the relation back doctrine. Mr. Ash's FHA claim is thus barred by the statute of limitations.[5]

### C. Supplemental Jurisdiction

The Court declines to exercise supplemental jurisdiction over Mr. Ash's state-law defamation claims and any other state-law claims that Mr. Ash's fifth amended complaint could be read to raise. Although Mr. Ash did not assert any specific state law causes of action in his fifth amended complaint, the Court must construe Mr. Ash's complaint "liberally to raise the strongest claims it suggests." *Nielsen*, 746 F.3d at 63 (quotation omitted). Mr. Ash's complaint states a New York state-law cause of action for defamation. After this motion was fully briefed, Mr. Ash sent a letter to the Court, Dkt No. 161, pointing the Court to *Bernstein v. Seeman*, 593 F. Supp. 2d 630 (S.D.N.Y. 2009). That case states the elements of defamation under New York law. *See id.* at 635 ("To state a claim for defamation, a plaintiff must allege: (1) a false statement, (2) published without privilege or authorization to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard, and (4) causing special harm or constituting defamation per se." (citing *Salvatore v. Kumar*, 845 N.Y.S.2d 384, 388 (2d Dep't 2007)). But the Court declines to exercise supplemental jurisdiction over this and any other of Mr. Ash's state-law claims.

When a district court has original jurisdiction over claims in a case, it "shall have

---

[5] The Court's prior conclusion that Mr. Ash is not entitled to equitable tolling also applies to his FHA claim. *Ash III*, 2020 WL 703952, at *1-2. There are no additional allegations in the most recent iteration of Mr. Ash's complaint to alter the Court's conclusion that he has not met his burden to show "rare and exceptional circumstances" that warrant equitable tolling. *Id.* at *1 (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).

supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they

form part of the same case or controversy under Article III." *F5 Capital v. Pappas*, 856 F.3d 61, 77

(2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725

(1966) ("Pendent jurisdiction . . . exists whenever there is a claim 'arising under [the] Constitution,

the Laws of the United States, and Treaties made, or which shall be made, under their Authority,'

and the relationship between that claim and the state claim permits the conclusion that the entire

action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2)).

Claims are "'part of the same case or controversy' if they 'derive from a common nucleus of

operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011)

(quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).

      The decision to exercise supplemental jurisdiction over a state law claim is by nature

discretionary. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Where claims

satisfy the "same case or controversy" test under 28 U.S.C. § 1367(a), however, "the discretion to

decline supplemental jurisdiction is available only if founded upon an enumerated category of

subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier,

Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Subsection 1367(c) permits a court to decline to exercise

supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially
> predominates over the claim or claims over which the district court has original
> jurisdiction, (3) the district court has dismissed all claims over which it has original
> jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.

28 U.S.C. § 1367(c). Here, subsection (3) applies because the Court has dismissed all the claims over

which it had original jurisdiction. Thus, the Court may exercise its discretion to decline

supplemental jurisdiction over any remaining state law claims.

      Even "where at least one of the subsection 1367(c) factors is applicable, a district court

should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citation omitted). Both the Second Circuit and the Supreme Court have "held that when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Gibbs*, 383 U.S. at 726). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point toward declining jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("'[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" (quotation omitted)). This is the usual case: The Court has evaluated the values set forth in *Gibbs* in the context of this case and has concluded that they support the Court's decision to decline supplemental jurisdiction.

Thus, because the Court has dismissed all of Mr. Ash's claims based on a federal question under 28 U.S.C. § 1331 and there is no other basis for federal jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over Mr. Ash's New York state-law defamation claim and any other state-law claims that the fifth amended complaint can be construed to assert. *See* 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

The remaining Defendants motion for judgment on the pleadings is GRANTED. The Court denies Mr. Ash leave to replead his claims. The Court is mindful of the Second Circuit's instruction that "district judges should, as a general matter, liberally permit pro se litigants to amend

their pleadings[.]" *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  But "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 62 (2d Cir. 2016) (quotation omitted).  Mr. Ash has amended his complaint five times.  He has had ample opportunity to state a plausible claim for relief.  "[W]here pleading deficiencies have been identified a number of times and not cured, there comes a point where enough is enough." *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 397 (S.D.N.Y. 2003) (citations omitted).  We have reached that point in this case.

The Court requests that counsel for the remaining Defendant mail a copy of this order to Mr. Ash and provide Mr. Ash with copies of any unpublished cases cited in this decision under Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.2.  Counsel for the remaining Defendants is directed to file proof of the mailing of these documents on the docket of this case no later than June 10, 2020.

The Clerk of Court is directed to enter judgment for Defendants, to terminate all pending motions, and to close this case.  The Clerk of Court is also directed to mail a copy of this order to Mr. Ash by first-class and certified mail.

SO ORDERED.

Dated: June 1, 2020

_____
GREGORY H. WOODS
United States District Judge